James Everett Shelton
316 Covered Bridge Road
King of Prussia, PA 19406
(484) 626-3942
jeshelton595@gmail.com

Plaintiff, Pro Se

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON<br>316 Covered Bridge Road<br>King of Prussia, PA 19406<br>          **Plaintiff**<br><br>    v.<br><br>**PREMIUM MERCHANT FUNDING ONE,**<br>**LLC**<br>55 Water Street, 50th Floor,<br>New York, NY, 10041<br>          **Defendant** | No. _____ |

## COMPLAINT:

Plaintiff, James Everett Shelton, brings this action against Defendant PREMIUM
MERCHANT FUNDING ONE, LLC, and alleges based on personal knowledge and information,
and belief, as follows:

### Preliminary Statement

1.      Defendant's e-mail marketing materials read: *"Do not be upset about getting a lot of
funding phone calls every day, you should start to be worried if you won't get them."* See Exhibit
"1". The Plaintiff, James Everett Shelton, is exactly the wrong person to tell this to. Plaintiff *is*
upset about getting a lot of Defendant's unwanted funding calls.

2.      As the Supreme Court recently explained, "Americans passionately disagree about many
things. But they are largely united in their disdain for robocalls. The Federal Government receives

1

a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. . . . For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Pol. Consultants LLC*, 140 S. Ct. 2335, 2343 (2020).

3.    Plaintiff James Everett Shelton ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that PREMIUM MERCHANT FUNDING ONE, LLC sent a series of automated telemarketing calls and text messages for the purposes of commercial solicitation by contacting Plaintiff's cellular telephone number listed on the National Do-Not-Call Registry, which is prohibited by the TCPA.

4.    Plaintiff never consented to receive any of these phone calls or text messages, which were placed to him for telemarketing purposes.

### Parties

5.    The Plaintiff is JAMES EVERETT SHELTON ("Plaintiff"), a natural person, resides in King of Prussia, PA 19406, and is a citizen of the Commonwealth of Pennsylvania, and was the individual who received the alleged phone calls in this case on his private mobile telephone, and was a resident of Pennsylvania during the calls, in this case in Montgomery County, Pennsylvania.

6.    Defendant PREMIUM MERCHANT FUNDING ONE, LLC ("Premium") is a limited liability company organized and existing under the laws of New York, and can be served at its principal place of business located at: 55 Water Street, 50th Floor, New York, NY, 10041. Defendant markets and sells, inter alia, loans and business financing to people in Pennsylvania, and engages in telemarketing into this district, as it did with the Plaintiff.

### Jurisdiction & Venue

7.      This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims

pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs.,*

*LLC*, 556 U.S. 368, 372 (2012).

8.      This Court has personal jurisdiction over the Defendant because they have repeatedly

placed calls and/or text messages to Pennsylvania residents with Pennsylvania telephone area

codes, and derive revenue from Pennsylvania residents, and they sell goods and services to

Pennsylvania residents, including the Plaintiff.

9.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1)-(2) in that Defendant

conducts business in, and a substantial part of the events giving rise to Plaintiff's claims occurred

in Montgomery County, Pennsylvania, and Plaintiff was residing in Pennsylvania for all calls, in

King of Prussia, Montgomery County, Pennsylvania. Defendants conducts business in this

judicial district by calling Pennsylvania citizens.

### Statutory Background
### The Telephone Consumer Protection Act

10.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the

telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ...

can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L.

No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

### The TCPA Prohibits Automated Telemarketing Calls

11.     The TCPA makes it unlawful "to make any call (other than a call made for emergency

purposes or made with the prior express consent of the called party) using an automatic

telephone dialing system or an artificial or prerecorded voice ... to any telephone number

assigned to a ... cellular telephone service ... or any service for which the called party is charged

for the call." See 47 U.S.C. § 227(b)(l)(A)(iii).

12.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(l)(A). See 47 U.S.C. § 227(b)(3).

13.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

15.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The National Do-Not-Call Registry

16.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the

4

registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

**17.**     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

**18.**     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

**19.**     A text message is considered a "call" under the TCPA. *Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663 (2016).

## Factual Allegations

**20.**     Defendant provides loans and business financing services to people in Pennsylvania and nationwide.

**21.**     Defendant routinely violates the TCPA as a part of their business model and knowingly and willfully commit TCPA violations.

**22.**     Defendant has been previously sued at least nine (9) times in federal and state courts across the country for allegedly violating the TCPA: *Stark v. Premium Merchant Funding One, LLC*, No. 37-2017-00353280-SC-SC-CTL (San Diego County Superior Court, State of California, Sep. 28, 2017), *Blevins v. Premium Merchant Funding One, LLC*, No. 2:18-cv-00377, S.D.O.H. Apr. 24, 2018), *Ewing v. 8 Figure Dream Lifestyle, LLC* et. al. No. 3:18-cv-01063 (S.D. Cal., May 29, 2018 ), *Hardin v. Premium Merchant Funding One, LLC*, No. 2:19-cv-07552 (C.D. Cal. Aug. 30, 2018), *Fabricant v. Premium Merchant Funding One, LLC*, No. 1:19-cv-00758 (S.D.N.Y. Jan. 25, 2019), *Hernandez v. Premium Merchant Funding One, LLC*, No. 1:19-cv01727 (S.D.N.Y. Feb. 25, 2019), *Schopp v. Premium Merchant Funding One, LLC*,

No. CV-2019-03026 (Denton County Court At Law #2, State of Texas, Sep. 5, 2019), *Ewing v. Premium Merchant Funding One, LLC* et al, 3:20-cv-01965 (S.D. Cal., Oct. 5, 2020), *Ewing v. Premium Merchant Funding One, LLC*, No. 3:22-cv-00215 (S.D. Cal., Feb. 16, 2022).

23.     As can be seen above, many of these lawsuits were filed long before Plaintiff received the calls from Defendant as alleged in this action.

24.     Despite these prior lawsuits, Defendant has failed to reform its business practices to bring them in compliance with the TCPA.

### The Telemarketing Calls to the Plaintiff

25.     At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (484) 626-3942.

26.     At all times material hereto, Plaintiff was the subscriber of the telephone number (484) 626-3942 and paid his cell phone bill through T-Mobile.

27.     Plaintiff's phone number is his private cell phone number and is used by Plaintiff solely.

28.     Plaintiff's phone number is registered with T-Mobile as his personal telephone number and not as a business telephone number.

29.     At all times material hereto when the calls as alleged in this case were made to Plaintiff, Plaintiff's telephone number was not held out by Plaintiff as the contact telephone number for any business.

30.     Plaintiff's personal cellular telephone number is a "residential" telephone number that he uses for various personal, family, and household purposes, such as sending and receiving emails, timing food when cooking, sending and receiving text messages, calling friends and family while at home, using the phone's alarm function to wake up in the morning, and for navigation purposes.

31.     Plaintiff's personal cellular telephone number (484) 626-3942 has been registered on the National Do-Not-Call Registry since June 26, 2015.

32.     Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls and text messages. The telemarketing calls prevented Plaintiff from using his phone for legitimate purposes.

33.     The Plaintiff has received at least twenty-seven (27) telemarketing calls between May 4, 2021 and February 28, 2022 to his personal cell phone number 484-626-3942, without his prior express written consent and not related to an emergency purpose, promoting working capital and/or financing services from Defendant.

34.     **Call 1:** On May 4, 2021 at 10:37 AM the Plaintiff received a telemarketing call from Caller ID 646-583-4425.

35.     Plaintiff was connected with a representative calling on behalf of Defendant Premium Merchant Funding One, LLC, who attempted to pitch Defendant's loan and/or financial services to the Plaintiff.

36.     Plaintiff provided Defendant with his e-mail address and feigned interested in the telemarketing pitch for the sole purpose of identifying who was calling.

37.     However, at no time did Plaintiff give Defendant permission to call him in the future. The Plaintiff told Defendant he would call them back if he had any questions or was interested in the Defendant's services.

38.     As a result of this call, Plaintiff received an e-mail at 10:41 AM from Avi Stone, astone@pmfus.com, a "Funding Specialist" at Premium Merchant Funding, attempting to get the Plaintiff to submit an application for financing and/or a line of credit. *See* Exhibit "1", a true and correct copy of said e-mail.

7

39.    Interestingly enough, the e-mail read "**Remember**: Do not be upset about getting a lot of funding phone calls every day, you should start to be worried if you won't get them."

40.    **Call 2:** The Plaintiff received another call from Defendant on May 5, 2021 at 10:56 AM from caller ID 646-583-4425.

41.    **DNC Request:** The Plaintiff stated he was busy and said if he was interested, he would call Defendant back, and asked not to receive any more calls from Defendant.

42.    **Call 3 (text message):** On July 16, 2021 at 12:18 PM, the Plaintiff received an automated text message from caller ID 786-206-9099 which read as follows:

Let's get straight to the point we both have no time to lose. We have already spoke in the past so it will be very easy for me to boost your cash flow. Is there any current need? (Avi Stone – Premium Merchant Funding)"

43.    A true and correct screenshot of the aforementioned automated text message attached to this Complaint as Exhibit "2".

44.    This text message was clearly sent via an "automatic telephone dialing system" because it was impersonal, generic, and not typed out and sent by a human being specifically.

45.    The text was sent out as part of Defendant's *en masse* telemarketing campaign.

46.    **Calls 4-8 (these were text messages):** Between August 31, 2021 and January 24, 2022, Plaintiff received an additional five (5) automated text messages from Defendant advertising Defendant's products and/or services. *See* Exhibit "3", true and correct screenshots of these text messages, which were sent by the same caller ID, 786-206-9099.

47.    **Call 9:** On January 27, 2022 at 2:30 PM, the Plaintiff received a call from phone number 973-851-3588 and answered.

**48.**     The Plaintiff was connected with "Archan Patel", also known as "Archie Patel" with

Premium Merchant Funding, who attempted to sell Defendant's loan products and services to the

Plaintiff.

**49.**     In order to identify the caller, Plaintiff requested that the caller send the Plaintiff an e-

mail to confirm his identity and company information, but did not give Defendant and/or

Defendant's agent(s) permission for future calls back.

**50.**     As a result of this call, "Archan Patel", apatel@pmfus.com contacted Plaintiff via e-mail

the at 2:39 PM (just two minutes after the call ended) with the subject line "Archie has your

Back" attempting to get Plaintiff to fill out an application for funding.

**51.**     Mr. Patel continued contacting the Plaintiff via telephone thereafter.

**52.     Calls 10-11:** The Plaintiff received two (2) texts from Mr. Patel on January 27 and

January 31, 2022, respectively, attempting to get the Plaintiff to fill out Defendant's funding

application.

**53.     Call 12:** On February 1, 2022 at 1:02 PM, Plaintiff received a call from caller ID 615-

622-4267, and upon answering, Plaintiff was connected with Mr. Patel.

**54.     DNC Request:** Plaintiff told Mr. Patel he was busy and not to call again, and hung up the

phone.

**55.     Call 13:** At 2:06 PM on February 1, 2022, Plaintiff received another call from Mr. Patel

from phone number 615-622-4267.

**56.     Call 14: Defendant texted Plaintiff using the caller ID 615-622-4267** at 2:13 PM on

February 1, 2022.

**57.**     The text message read:

James, Just sent you an email. Let me know if you have received it. The email subject is
"Archie has your Back"

9

**58.**   **DNC Request**: On February 1, 2022 at 2:39 PM, Plaintiff wrote to Defendant

(apatel@pmfus.com) via e-mail, which read: "Archie, no more phone calls please." *See* Exhibit

"4", a true and correct copy of said e-mail.

**59.**   This e-mail was received by Mr. Patel, who e-mailed back just two minutes later at 2:41

PM: "I don't know what happened." *See* Exhibit "4".

**60.**   Mr. Patel, however, did know what happened. The Plaintiff had asked in writing not to

receive any additional phone calls from Defendant and its agents.

**61.**   **Call 15**: On February 3, 2022 at 6:21 PM, the Plaintiff received a call which displayed

on his caller ID as 315-257-1194.

**62.**   Plaintiff answered and was connected with "Bryce Fochtman" with Premium Merchant

Funding, who attempted to sell Defendant's loan and/or financial services to Plaintiff.

**63.**   Plaintiff did not give Defendant permission for any calls back.

**64.**   **Calls 16-26:** As detailed in the below table, Defendant's agent, Bryce Fochtman,

contacted Plaintiff an additional eleven (11) times via telemarketing calls between February 4

and February 28, 2022.

**65.**   **Call 27:** On February 28, 2022 at 11:18 AM, Plaintiff received a text message from

"Bryce Fochtman" at 11:18 AM from caller ID 315-257-1194 regarding Defendant's financial

services. *See* Exhibit "5".

**66.**   **DNC Request**: On February 28, 2022 at 11:18 AM, Plaintiff e-mailed Defendant's

representative at brycef@pmfus.com and wrote "Please stop calling".

**67.**   The following is a table detailing the automated text messages and phone calls sent by

Defendant to the Plaintiff's cell phone number:

10

| Call Number | Date: | Time | Caller ID: | Notes: |
|---|---|---|---|---|
| 1 | 5/4/2021 | 10:37 AM | 646-583-4425 | Received email from "Avi Stone", astone@pmfus.com at 10:41 AM. |
| 2 | 5/5/2021 | 10:56 AM | 646-583-4425 | |
| 3 | 7/16/2021 | 12:18 PM | 786-206-9099 | Text message "Let's get straight to the point we both have no time to lose. We have already spoke in the past so it will be very easy for me to boost your cash flow. Is there any current need? (Avi Stone – Premium Merchant Funding)" |
| 4 | 8/31/2021 | 11:17 AM | 786-206-9099 | Text message "Hello how are you? My manager sent me your details, seems like you generate between $60,000 to $90,000 a month and I have been told that you are looking to boost your cash flow with a same amount. Is that right? Still relevant? |
| 5 | 10/4/2021 | 11:03 AM | 786-206-9099 | Text message "If you don't have a plan for expansion it should raise a big question mark, but if you do: I have the ability to get you the funds you were looking for with comfortable terms. We overtake all our competitors and by a wide margin. – Easy Approvals from $50,000 to $5M (Starts from 6% APR!). Try me. Reply the email address to send you an email with my info and you will see me proving." |
| 6 | 12/22/2021 | 4:55 PM | 786-206-9099 | Automated Text Message: "Last Heads-up! 9 Days left (12/31/2021) to request the EIDL Government funds. Don't you wanna take advantage of the most lucrative loan in the industry? - 3.75% APR \| Up to 30 Years \| $500k Unsecured - $2m Secured \| Payments start 3rd year  - The fastest in the industry. 5 days for approval and 4-6 weeks for depositing the money. – Reply the |

| | | | | best email to reach you and LET'S GO!" |
|---|---|---|---|---|
| 7 | 12/29/2021 | 11:14 AM | 786-206-9099 | Automated Text Message: "Last Heads-up! 2 Days left (12/31/2021) to request the EIDL Government funds. Don't you wanna take advantage of the most lucrative loan in the industry? - 3.75% APR \| Up to 30 Years \| $500k Unsecured - $2m Secured \| Payments start 3rd year  - The fastest in the industry. 5 days for approval and 4-6 weeks for depositing the money. – Reply the best email to reach you and LET'S GO!" |
| 8 | 1/24/2022 | 12:45 PM | 786-206-9099 | Automated Text Message: "Hey Boss – How do you imagine 2022 achievements? - $5,000 to $5,000,000 – Line of Credit, Term Loans, Real Estate HUGE Department, Consolidations, SBA Loans, Credit Repair & Processing and many more! – Reply the best email to reach you at and let's execute big plans." |
| 9 | 1/27/2022 | 2:30 PM | 973-851-3588 | Lasted 7 minutes |
| 10 | 1/27/2022 | 2:42 PM | 973-851-3588 | Text "Pleasure speaking with you James. Looking forward to working on your application. The email has been sent. |
| 11 | 1/31/2022 | 1:59 PM | 973-851-3588 | Text "Hello James, It's Archie. You think you can get that application over to me today?" |
| 12 | 2/1/2022 | 1:02 PM | 615-622-4267 | |
| 13 | 2/1/2022 | 2:06 PM | 615-622-4267 | |
| 14 | 2/1/2022 | 2:13 PM | 615-622-4267 | Text "James, Just sent you an email. Let me know if you have received it. The email subject is "Archie has your Back" |
| | 2/1/2022 | 2:39 PM | EMAIL | SENT DNC EMAIL TO apatel@pmfus.com "Archie, no more phone calls please." |

| 15 | 2/3/2022 | 6:21 PM | 315-257-1194 | Lasted 4 minutes. |
|---|---|---|---|---|
| 16 | 2/4/2022 | 3:48 PM | 315-257-1194 | Voicemail from Bryce |
| 17 | 2/7/2022 | 2:38 PM | 315-257-1194 | Voicemail from Bryce |
| 18 | 2/9/2022 | 11:43 AM | 315-257-1194 | Voicemail from Bryce |
| 19 | 2/9/2022 | 5:18 PM | 615-622-4267 | Lasted 1 minute |
| 20 | 2/14/2022 | 11:44 AM | 615-622-4267 | Voicemail from Bryce |
| 21 | 2/14/2022 | 11:44 AM | 315-257-1194 | Missed Call |
| 22 | 2/15/2022 | 6:03 PM | 315-257-1194 | Missed Call |
| 23 | 2/16/2022 | 1:01 PM | 315-257-1194 | Missed Call |
| 24 | 2/17/2022 | 1:02 PM | 315-257-1194 | Lasted 1 minute |
| 25 | 2/21/2022 | 1:45 PM | 315-257-1194 | Missed Call |
| 26 | 2/28/2022 | 10:56 AM | 315-257-1194 | Missed Call |
| 27 | 2/28/2022 | 11:18 AM | 315-257-1194 | Text from Bryce |
|  | 2/28/2022 | 11:18 AM | EMAIL | DNC email sent to brycef@pmfus.com |

**68.**     Plaintiff did not want or need a loan or any financing.

**69.**     The impersonal and generic nature of Defendant's text messages demonstrate that

Defendant utilized an Automatic Telephone Dialing System (ATDS) in sending six (5) of these

text messages (described as Calls #3-8 in the above-table).

**70.**     These facts, as well as the geographic distance between the Plaintiff and Defendant and

the fact that this was clearly an aggressive nationwide telemarketing campaign, indicate that

these text messages were made using an ATDS.

71.     Upon information and belief, Defendant's ATDS used a random or sequential number generator to send automated text messages to his cell phone.

72.     Defendant did not have the Plaintiff's prior express written consent to send any of these text messages.

73.     Prior to these unsolicited telephone communications, the Plaintiff has never done any business with Defendant and Plaintiff never provided Defendant with his cellular telephone number.

74.     To the extent Defendant contends that they obtained consent or agreement from Plaintiff for the calls at issue here, the Telemarketing Sales Rule, 16 C.F.R. § 310.5(a)(5), requires that such records be maintained. In any event, consent is an affirmative defense under the TCPA, this defense is unavailable unless Defendant can show that they had prior express consent in writing, and that they have otherwise complied with all of the requirements of 47 C.F.R. § 64.1200(c)(2), including maintaining written procedures on national do-not-call rules, training personnel on national do-not-call rules, maintaining an internal do-not-call list, and accessing the national do-not-call database no more than 31 days prior to making any calls, and maintaining records documenting such access. Defendant did not have prior express written consent to such calls from Plaintiff.

75.     Plaintiff pays for each incoming and outgoing call on his telephone under an unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

76.     Plaintiff received the calls on his private mobile telephone, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii). Plaintiff's telephone number is registered with T-Mobile as a cellular telephone number and is used for personal purposes.

77.     These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

78.     Defendant is not an organization exempt from the TCPA.

79.     Defendant's calls to Plaintiff were "telephone solicitations" as defined by the TCPA.

80.     Defendant's calls to Plaintiff were "unsolicited advertisements" as defined by the TCPA.

81.     Plaintiff was harmed by these calls. Plaintiff was temporarily deprived of legitimate use of his phone because of the text message and telephone call notifications, and his privacy was improperly invaded. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff. The calls caused Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from otherwise using his telephone for lawful purposes.

82.     In summary, Plaintiff received twenty-seven (27) telemarketing calls from Defendant to Plaintiff's personal cell phone number which is registered on the National Do-Not-Call list. Six (6) of these were text messages (#3-8) which Plaintiff also alleges were sent via an ATDS.

## Causes Of Action

### First Cause of Action

(Negligent Violations of the TCPA, "ATDS" Prohibition, 47 U.S.C. § 227(b) et seq.)

83.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

84.     Defendant initiated text messages to Plaintiff's cellular telephone using an "automatic telephone dialing system" as defined by the TCPA on at least six (6) occasions in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

85.     As a result of Defendant's and Defendant's agents' negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

86.     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"ATDS" Prohibition, 47 U.S.C. § 227(b) et seq.)

87.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

88.     Defendant sent text messages Plaintiff's cellular telephone using an "automatic telephone dialing system" as defined by the TCPA on at least six (6) occasions in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

89.     Plaintiff was statutorily damaged at least six (6) times under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the text messages described above.

90.     As a result of Defendant's and Defendant's agents' knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

91.     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Third Cause of Action

(Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227(c) et seq.)

92.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

93.     Defendant called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

94.     Plaintiff was statutorily damaged at least twenty-seven (27) times under 47 U.S.C. § 227(c)(3)(F) by the Defendant by the telephone calls described above, in the amount of $500.00 per call.

95.     As a result of Defendant's and Defendant's agents' violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2), Plaintiff seeks for himself $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

96.     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

97.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

98.     Defendant called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

99.     Plaintiff was statutorily damaged at least twenty-seven (27) times under 47 U.S.C. § 227(c)(3)(F) by the Defendants by the automated text messages described above, in the trebled amount of $1,500.00 per call.

100.    As a result of Defendant's and Defendant's agents' knowing and/or willful violations

17

of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble

damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47

U.S.C. § 227(c)(5).

**WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**
## I.     Prayer for Relief

On Causes of Action 1-4:

1. For awards of $500 for each negligent violation as set forth in actions 1-4.

2. For awards of $1,500 for each knowing and/or willful violation as set forth in actions

1-6.

3. Injunctive relief against Defendants, and each of them, to prevent future wrongdoing;

Total statutory damages: $**49,500.00** (Six (6) counts of: "Automated Text Message", and Twenty-

Seven (27) counts of "Sales call to a number registered on the National Do-Not-Call Registry",

with treble damages for each.)

4. Prejudgment interest at the maximum legal rate;

5. Costs of suit herein incurred; and

6. All such other and further relief as the Court deems proper.

## II.     Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: March 29, 2022

*James E Shelton*
_____
James Everett Shelton
*Plaintiff, Pro Se*
316 Covered Bridge Road
King of Prussia, PA 19406
Phone: 484-626-3942
Jeshelton595@gmail.com

**<u>VERIFICATION</u>**

I, JAMES EVERETT SHELTON, Plaintiff, Pro Se, verify that the facts set forth in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to the penalties of 18 PA. C.S. § 4904 related to unsworn falsification to authorities.

Dated: March 29, 2022

JAMES EVERETT SHELTON

19

# CIVIL COVER SHEET

...ver sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as ...d rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the ...iating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JAMES EVERETT SHELTON | PREMIUM MERCHANT FUNDING ONE, LLC |
| (b) County of Residence of First Listed Plaintiff  MONTGOMERY<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant  NEW YORK<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>James Everett Shelton, Plaintiff Pro Se, 316 Covered<br>Bridge Road, King of Prussia, PA 19406, 484-626-3942 | Attorneys *(If Known)*<br>Unknown |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government<br>Plaintiff | ☒ 3 | Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government<br>Defendant | ☐ 4 | Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>    Liability<br>☐ 320 Assault, Libel &<br>    Slander<br>☐ 330 Federal Employers'<br>    Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>    Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>    Product Liability<br>☐ 360 Other Personal<br>    Injury<br>☐ 362 Personal Injury -<br>    Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>    Product Liability<br>☐ 367 Health Care/<br>    Pharmaceutical<br>    Personal Injury<br>    Product Liability<br>☐ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>    Property Damage<br>☐ 385 Property Damage<br>    Product Liability | ☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>    28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>    New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br>    Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>    3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>    (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>    Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>    Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | ☒ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>    Accommodations<br>☐ 445 Amer. w/Disabilities -<br>    Employment<br>☐ 446 Amer. w/Disabilities -<br>    Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>    Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>    Conditions of<br>    Confinement | ☐ 710 Fair Labor Standards<br>    Act<br>☐ 720 Labor/Management<br>    Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>    Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>    Income Security Act | ☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>    Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>    Act/Review or Appeal of<br>    Agency Decision<br>☐ 950 Constitutionality of<br>    State Statutes |
| | | | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | |
| | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>    Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>☐ 871 IRS—Third Party<br>    26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | |
|---|---|---|---|---|
| ☒ 1 Original<br>Proceeding | ☐ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>Another District<br>*(specify)* | ☐ 6 Multidistrict<br>Litigation -<br>Transfer | ☐ 8 Multidistrict<br>Litigation -<br>Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. 227 et. seq

Brief description of cause:
Violations of the TCPA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  49,500.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
03/29/2022

SIGNATURE OF ATTORNEY OF RECORD
*James E. Shelton*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 10/20)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____316 Covered Bridge Road, King of Prussia, PA 19406_____

Address of Defendant: _____55 Water Street, 50th Floor, New York, NY 10041_____

Place of Accident, Incident or Transaction: _____By phone call to Plaintiff's phone in King of Prussia, Pennsylvania_____

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __03/29/2022__    _James E. Shelton_    Pro Se
Must sign here
*Attorney-at-Law* (*Pro Se Plaintiff*)    *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

A.  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
*(Please specify):* ___TCPA, 47 U.S.C. 227___

B.  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___James Everett Shelton___, counsel of record *or pro se plaintiff*, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: __03/29/2022__    _James E. Shelton_    Pro Se
Sign here if applicable
*Attorney-at-Law* (*Pro Se Plaintiff*)    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

JAMES EVERETT SHELTON     :        CIVIL ACTION

v.

PREMIUM MERCHANT FUNDING ONE,   :        NO.
LLC

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| | | |
|---|---|---|
| 03/29/2022 | *James E. Shelton* | Pro Se |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 484-626-3942 | | jeshelton595@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)  The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)  In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)  The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)  Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)  Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.



# UNITED STATES POSTAL SERVICE ®

**PRIORITY MAIL ®**

PRESS FIRMLY TO SEAL

## FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).*
- USPS Tracking® included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.



USPS TRACKING #

EXPECTED DELIVERY DAY: 04/04/22

TRACKED ∙ INSURED

9505 5142 4800 2090 6551 25

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

RECEIVED

RECEIVED APR 4 2022

U.S.M.S. X-RAY

**FROM:** James Everett Shelton
316 Covered Bridge Rd
King of Prussia, PA 19406

**TO:** Clerk U.S. District Court
601 Market Street
Room 2609
Philadelphia, PA 19106







U.S. POSTAGE PAID
PM
MONROVIA, CA
91016
MAR 31, 22
AMOUNT

$8.95

1022
19106
R2303S102671-18

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.